IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CLINTON WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 19-cv-358-SMY |
| B. TRUE, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Clinton Williams, an inmate of the United States Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary Marion ("USP"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction under 18 U.S.C. § 924(c). (Doc. 1); *United States v. Williams*, Case No. 06-CR-20032 (C.D. Ill.) ("Criminal Case"). This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

### Background

Williams was tried in the Central District of Illinois in 2006 for his participation in a series of armed robberies. He was found guilty of one Count of conspiracy to commit robbery, two

1

Counts of bank robbery, and two counts of violating 18 U.S.C. § 924(c), use of a firearm in the commission of a felony. (Criminal Case, Doc. 187, p. 2). He was sentenced to 552 months, with mandatory consecutive terms of 84 months and 300 months for the § 924(c) convictions. (*Id*. at p. 3). Williams appealed his conviction and the Seventh Circuit Court of Appeals vacated his sentence and remanded the case for resentencing as the district court failed to consider Williams' mental disability as a mitigating factor. *United States v. Williams*, 553 F.3d 1073, 1084-85 (7th Cir. 2010). On remand, the court sentenced Williams to a term of 444 months of imprisonment, with the mandatory 384 months of imprisonment for the § 924(c) convictions. (Criminal Case, Doc. 281, p. 3).

Williams filed a 28 U.S.C. § 2255 Petition in the Central District of Illinois in 2012. *Williams v. United States*, Case No. 12-cv-2051-MPM-DGB (C.D. Ill.) ("§ 2255 Petition"). He argued that he was denied ineffective assistance of counsel on six grounds: (1) counsel did not get a second opinion from a psychiatric examiner to show that Williams was not competent to stand trial and lacked the necessary *mens rea* for the crimes, (2) counsel did not move for severance from the other defendants, (3) counsel did not conduct an adequate investigation, (4) counsel failed to cross-examine witnesses, (5) counsel failed to object to prejudicial hearsay testimony, and (6) counsel failed to request certain jury instructions and object to the instructions given by the Court. (§ 2255 Petition, Doc. 13, p. 7). With respect to the issue regarding jury instructions, Williams specifically argued that counsel was ineffective because no instruction was given regarding the credibility of accomplice witnesses and the court failed to instruct the jury on the elements of the offenses charged and his right to testify. (*Id*. at p. 15). The court found Williams' arguments frivolous as instructions were given on the elements and his right not to testify, and the instructions

cautioned the jury regarding cooperating witnesses' testimony. (*Id*. at p. 16). Williams appealed the decision and his appeal was denied. (§ 2255 Petition, Doc. 27).

**The Petition**

Williams filed the instant § 2241 Petition on March 28, 2019, asserting that his § 924(c) convictions are invalid pursuant to *Rosemond v. United States*, 134 S.Ct. 1240 (2014) and requesting that this Court vacate his conviction as to those Counts. Williams argues the trial court's jury instruction regarding § 924(c) failed to require proof that Williams knew in advance that his accomplices were armed and would brandish the firearms during their crimes of violence. (Doc. 1, p. 4). He further argues that the savings clause applies to permit him to use § 2241 to raise this claim. (*Id*. at p. 3-4).

**Discussion**

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not

have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit has found that *Rosemond* is a retroactive case of statutory construction. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). However, *Rosemond* only triggers the savings clause if a petitioner was completely foreclosed from making an actual knowledge argument at the time of his § 2255 petition. In other words, a petitioner must show that "it would have been futile to raise a claim in the petitioner's original section 2255 motion, as the law was squarely against him." *Id*. (citing *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (internal quotations omitted). In *Montana,* the Seventh Circuit found that petitioner could have raised his arguments regarding the knowledge requirement of § 924(c) in his initial petition as the law of the Seventh Circuit never established that constructive knowledge was enough and it was, thus, open to petitioner to argue that the offense required actual knowledge. *Id*. at 784-85 (citing *United States v. Woods*, 148 F.3d 843 (7th Cir. 1998); *United States v. Taylor*, 225 F.3d 593 (7th Cir. 2000)). Thus, the Seventh Circuit found that petitioner could have argued in his original § 2255 petition "that the Government had to prove actual knowledge of the presence of the firearm to sustain his conviction" under § 924(c). *Id*. at 785.

Williams argues that in denying his § 2255 petition, the Central District specifically noted that § 924(c) was not a specific intent crime which suggests that it would have been futile to raise an argument regarding the actual knowledge requirement in his petition.[1] (Doc. 1, p. 8). But

---

[1] Williams argued in his § 2255 petition that his counsel was ineffective for failing to obtain a second opinion from a psychiatric examiner. The court found that to the extent Williams was trying to support a diminished capacity defense, the defense is only applicable to specific intent crimes and, thus, was not available for armed bank robbery or

4

Williams, like the petitioner in *Montana*, was convicted in the Seventh Circuit. Thus, the law at the time allowed for Williams to make an argument in his original § 2255 petition that the Government had to prove actual rather than constructive knowledge regarding the carrying of a firearm during the crime of violence. *See also Chaney v. Cross*, Case No. 15-cv-211-DRH-CJP, 2017 WL 5483630, at * 6 (S.D.Ill. 2017) ("Seventh Circuit case law prior to *Rosemond* did not prevent Petitioner from asserting the Government was required to prove actual, advance knowledge of the firearm in his initial § 2255 motion."); *Ruiz v. Williams*, Case No. 15-cv-372-JDP, 2018 WL 443347, at * 6 (W.D. Wis. 2018). Because Williams could have raised his arguments regarding the jury instructions as it relates to his § 924(c) conviction in his original petition, he has failed to meet the requirements of the § 2255's savings clause.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*

---

Williams' § 924(c) convictions. Williams did not specifically raise the issue of whether the jury instructions regarding the § 924(c) counts adequately instructed the jury as to the knowledge required of the crime.

*v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 7/12/2019**

*/s/ Staci M. Yandle*
**United States District Judge**